**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| LARRY M. KASOFF, an individual;<br><br>           Plaintiff,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br>an Ohio corporation;<br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No.

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON COLLECTIONS AGENCY ACT, AND THE WASHINGTON CONSUMER PROTECTION ACT

## I. PARTIES

1.   <u>Plaintiff Larry M. Kasoff.</u>  Larry M. Kasoff is an unmarried natural person who resides in the City of Seattle, County of King, State of Washington and is a consumer as defined in 15 U.S.C. § 1692a(3).

2.   <u>Defendant National Enterprise Systems, Inc.</u>  Defendant National Enterprise Systems, Inc., hereinafter "NES" (unless context requires otherwise), is an Ohio corporation and a debt collector with respect to Plaintiff's alleged debt as that term is defined in 15 U.S.C. § 1692a(6).  NES is also licensed as a collection agency under the Washington Collections Agency Act, hereinafter "WCAA," RCW 19.16.100 *et seq.*

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

## II.  JURISDICTION AND VENUE

4.      This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, hereinafter "FDCPA," 15 U.S.C. § 1692a, *et seq.*

5.      In addition, this action arises out of Defendant's violation of the WCAA as well as the Washington Consumer Protection Act, hereinafter "WCPA," RCW 19.86.010 *et seq.*

6.      The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d), RCW 2.08.010, and RCW 4.28.020.

7.      Venue is proper under RCW 4.12.025.

### III. FACTS

#### Alleged Credit Card is a Debt Under the FDCPA

8.      Plaintiff is allegedly obligated to pay on a "Bank of America" credit card account.

9.      This alleged credit card account constitutes a debt, as defined by the FDCPA in 15 U.S.C. § 1692a(5), since it is an alleged obligation of Plaintiff to pay money arising out of one or more transactions in which money, property, insurance, and/or services which are subject to the transactions are primarily for personal, family and/or household purposes.

10.     As of the date of this Complaint, neither NES nor "Bank of America" has sued on the alleged debt.  Therefore, there can be no postjudgment remedy on this alleged debt.

11.     On or before March 3, 2010, "Bank of America" hired or otherwise authorized under a pre-existing relationship Defendant NES to collect this alleged debt from Plaintiff.

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

12.     The amount Defendant NES was to collect was $29,545.23, which includes interest and late charges at least through when "Bank of America" wrote the alleged debt off as bad debt.

### NES is a Debt Collector

13.     Defendant NES is a debt collector as defined in 15 U.S.C. § 1692*a*(6) with respect to Plaintiff's alleged debt as well as other "Bank of America" debts owed by other people.

14.     Defendant NES uses instrumentalities of interstate commerce, including the telephone, or the mail in its business whose principal purpose is the collection of debts.

15.     Defendant NES regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16.     Defendant NES is not related by common ownership or affiliated by corporate control with "Bank of America."

17.     Defendant NES did not originate the alleged "Bank of America" debt nor was it servicing the debt prior to the alleged default.

### Washington State Licensed Collections Agency

18.     Defendant "National Enterprise Systems. Inc." is licensed as a collection agency under the WCAA.

19.     A true and correct copy of affidavits evidencing National Enterprise Systems' Washington State collections agency license at each of its three locations are attached as EXHIBIT A.

### March 4, 2010 Letter Ostensibly from NES, Actually From Dantom

20.     On or before March 4, 2010, Defendant NES used Dantom Systems, Inc. (hereinafter "Dantom") to prepare a collections letter to be sent to Plaintiff.

21.     Dantom and NES are not related by common ownership or corporate control.

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

22. On March 4, 2010, Dantom, on behalf of Defendant NES, sent a letter (hereinafter "Dantom Letter") to Plaintiff. A redacted copy of the Dantom Letter as well as the envelope formerly containing that letter —including those portions of the letter visible through the transparent windows of that envelope — is attached as EXHIBITS B and C, respectively. Although these are copies of the letter and envelope, the barcodes on these exhibits may not be readable due to lower resolutions being used when scanning the exhibits for electronic filing with the court.

23. The Dantom Letter was sent prior to any contact between Defendant NES and Plaintiff.

24. The Dantom Letter was received by Plaintiff on March 9, 2010.

25. The Dantom Letter was a form letter that is associated with NES's letter code 001BOA. This letter code is associated with both field placeholders and the static text of the form letter in Dantom's systems.

26. In preparing the Dantom Letter, Dantom filled in the field placeholders with the appropriate information associated with Plaintiff's alleged debt as knowingly provided by Defendant NES.

27. The Dantom Letter was the initial written communication from Defendant NES.

28. Visible through the transparent window for the return address is a Data Matrix barcode and a return address.

29. The return address is that of Dantom, not NES.

30. Dantom does substantially all of its business with collections agencies.

31. The Data Matrix barcode is a symbol.

32. When the Data Matrix barcode is read, the decoded data is: ONNESI02,#K#02-28188947-18278853-2-NCOA,Larry M Kasoff, 909 5th Ave Unit 903,,Seattle,WA,981642021287,001BOA,29545.23.

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

33.     The last piece of information encoded in the barcode is the exact amount allegedly owed by Plaintiff to "Bank of America" as stated in the letter.  The second to last piece is the letter code.

34.     Dantom intentionally uses the data encoded in the barcode, *inter alia*, in order to offer its Intelligent Return Mail program, in which Dantom's sorters of retuned mail can automatically create files to provide clients, such as NES, with complete information about the returns including the total dollar value in the return bucket.

35.     NES subscribes to Dantom's Intelligent Return Mail program.

36.     On information and belief, the United States Postal Service has processing equipment that is capable of reading such Data Matrix barcodes.

37.     NES knew or should have known of the Data Matrix barcode and its encoded contents.

38.     Dantom regularly sends out various letters on behalf of Defendant NES to debtors and, on information and belief, most of these letters contain a Data Matrix barcode visible from the outside of the enveloper encoding, *inter alia*, the alleged amount due from the debtor.

39.     Neither Dantom nor NES had the consent of Plaintiff to use such a Data Matrix barcode.  In fact, neither of those parties had even requested Plaintiff's consent.

40.     Although the Dantom Letter was the first notice to the debtor, the letter failed to include an itemization of the claim as required by RCW 19.16.250(8)(c).  For example, the only dollar amount stated was $29,545.23, which, on information and belief, includes at least interest and late payment charges added to the original obligation by the original creditor.

41.     Dantom regularly fails to include the required itemization on letters, especially those associated with NES letter code 001BOA, directed to debtors residing in the State of Washington.

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

42.     The Dantom Letter implies the original creditor is "Bank of America" even though "Bank of America" is not the name of a distinct legal entity and is instead a trademarked name used by a number of legal entities in the Bank of America family of companies and affiliates, including for example both Bank of America, N.A. (USA) and Fia Card Services, N.A.

43.     Furthermore, at least one of the "Bank of America" affiliated entities, places credit card receivables, potentially including Plaintiff's alleged debt, into pooled trusts that are then sold as an investment security to third parties.

44.     On information and belief, Defendant NES knew the legal name of the exact legal entity that allegedly is the original creditor for Plaintiff's alleged debt.

45.     Furthermore, the Dantom Letter, as well as the March 5, 2010 telephone conversation with Plaintiff (discussed *infra*), describe the status of this account as "Pre-Legal," which is an implied threat of litigation if the debt is not paid.

46.     On information and belief, on March 4th and 5th, Defendant NES lacked the legal ability to sue on the alleged debt.  It lacked the ability to sue on this alleged debt for at least one of the following reasons: NES was not authorized by "Bank of America" to sue on the alleged debt at that time; NES lacked its own legal counsel licensed in Washington State to sue on the debt; and/or NES did not have standing to sue on the debt.

47.     Furthermore, on March 4th and 5th, Defendant NES, on information and belief, did not intend to sue on the debt.

48.     The Dantom letter also contained the purported 15 U.S.C. § 1692g(a) notice.

### Phone Calls from NES: March 4, 2010 and March 5, 2010

49.     On March 4, 2010, Defendant NES tried unsuccessfully multiple times to reach Plaintiff.  These include phone calls at approximately 8:21 AM and 10:41 AM (Pacific Time).

Kasoff Law₃
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

50.     On March 5, 2010 at approximately 10:11 AM (Pacific Time), Defendant NES successfully contacted Plaintiff.

51.     Plaintiff first learned of Defendant's efforts to collect on this alleged debt at this time.

52.     A person, who gave the name of "Jean," stated she works for "NES," not "National Enterprise Systems, Inc." as the name is stated on NES's Washington State collections agency license.

53.     Jean also stated that she was calling to collect the "Bank of America" debt.

54.     Jean also explained that this was an attempt to collect a debt and any information will be used for that purpose.

55.     Jean also stated both at the beginning and the end of the call that the alleged amount due was $29,545.25.

56.     She also indicated the status of the account was "Pre Legal."

57.     Plaintiff orally indicated that he disputed the debt and requested that NES cease further communication with the debtor pursuant to 15 U.S.C. § 1692*c*(c).

58.     Plaintiff requested and Jean supplied the address for "NES" so that Plaintiff could, *inter alia*, dispute the debt in writing and request the ceasing of further communications in writing pursuant to 15 U.S.C. § 1692*c*(c).

59.     The conversation was recorded by NES.

### By Operation of RCW 19.16.450, Defendant NES Attempted to Collect More Money Than Allowed Under Applicable Law

60.     RCW 19.16.450 provides:

If an act or practice in violation of RCW 19.16.250 is committed by a licensee or an employee of a licensee in the collection of a claim, neither the licensee, the customer of the licensee, nor any other person who may thereafter legally seek to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim: PROVIDED, That any person

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

asserting the claim may nevertheless recover from the debtor the amount of the original claim or obligation.

61.     Accordingly after committing the one or more violations of RCW 19.16.250, assuming Plaintiff owes the alleged underlying debt, Defendant nor "Bank of America" are able to collect any interest, service charges, delinquency charges, or any other fees or charges other than the principal amount.

62.     Nonetheless, even after committing one or more violations of RCW 19.16.250, Defendant NES continued to attempt to collect the entire $29,545.23, which includes these uncollectable fees and charges.

<u>Plaintiff's Counsel's First Letter to NES</u>

63.     On March 6, 2010, Plaintiff's counsel wrote a letter to NES, hereinafter Plaintiff's First Letter.

64.     Plaintiff's First Letter was received by NES on March 9, 2010.

65.     Plaintiff's First Letter stated that Plaintiff is represented by counsel and supplied the contact information for that counsel.

66.     Plaintiff's First Letter also contained a written request to cease further communications regarding the alleged debt in accordance with 15 U.S.C. § 1692$c$(c) except for those communications specifically requested in the letter or otherwise allowed under applicable law.

67.     The letter also directed that any communications specifically requested in the letter or allowed under applicable law be addressed to counsel pursuant to 15 U.S.C. § 1692$c$(a)(2) and/or RCW 19.16.250(11).

68.     The letter further indicated that Plaintiff disputes the debt in whole or in part and requested verification of the debt.  Among the reasons stated for disputing the debt, Plaintiff disputed the debt because NES violated RCW 19.16.250(7) by using a name other than the name stated on its collections agency license and therefore by operation of

COMPLAINT FOR FDCPA, WCAA, and WCPA VIOLATIONS
Page 8 of 16

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

RCW 19.16.450, Plaintiff did not owe any interest or other charges and fees incidental to the principal obligation — even if the debt was Plaintiff's debt.

69.     The letter also requested the name and address of the original creditor.

70.     In addition, the letter requested, if not contained in the letter containing the 15 U.S.C. § 1692g(a) and RCW 19.16.250(8)(c) notices, that NES make a reasonable effort to obtain and provide information on interest, service charges, collection costs, or late payment charges added to the original obligation by the original creditor before it was received by NES for collection pursuant to RCW 19.16.250(8)(c)(ii).

71.     Plaintiff's First Letter also stated that it appeared NES violated the FDCPA.

72.     Plaintiff's First Letter stated a deadline of 14 days from receipt of the letter to explain why it did not commit violations of the FDCPA, the WCAA, and the WCPA or engage in good faith efforts to settle with regard to these violations. The letter also invited NES to establish its affirmative defense under 15 U.S.C. § 1692k(c). As of the date of this Complaint, Plaintiff nor Plaintiff's counsel has received a response.

<u>Plaintiff's Counsel's Subsequent Letter to NES</u>

73.     On March 10, 2010, Plaintiff's counsel wrote a subsequent letter to NES, hereinafter Plaintiff's Subsequent Letter, after receiving and reviewing the Dantom Letter.

74.     A copy of Plaintiff's First Letter was enclosed with Plaintiff's Subsequent Letter since Plaintiff's First Letter was sent prior to having any NES account reference number.

75.     Plaintiff's Subsequent Letter was received by NES on March 15, 2010.

76.     Plaintiff's Subsequent Letter restated most of the written statements contained in Plaintiff's First Letter.

77.     In addition, Plaintiff's Subsequent Letter stated that the Dantom Letter fails to specify the exact legal name of the creditor and requests NES to make reasonable efforts

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

to obtain the legal name of the original creditor and provide that information to Plaintiff's counsel.

78.     The Plaintiff's Subsequent Letter also states the itemization required by RCW 19.16.250(8)(c) is missing from the Dantom Letter.

79.     Plaintiff's Subsequent Letter also enclosed a copy of the Dantom Letter.

<u>No Reply With Information Requested in Plaintiff's Letters</u>

80.     As of the date of the Complaint, neither Plaintiff nor Plaintiff's attorney has received a subsequent communication from NES since receiving the Dantom Letter on March 9, 2010.

81.     Therefore, neither Plaintiff nor Plaintiff's attorney has received a communication regarding any of the following: the FDCPA violations referred to in Plaintiff's Letters; the WCAA violations referred to in Plaintiff's Letters; verification of the alleged debt; the legal name of the original creditor; or, the interest, service charges, collection costs, or late payment charges, if any, added by the original creditor.

<u>Plaintiff's Injuries As a Result of the FDCPA and WCAA Violations</u>

82.     Plaintiff has been injured by Defendant's violations of the WCAA.

83.     For example, Plaintiff has had to take time from his life to address NES's improper and illegal acts.

<u>NES Regularly Violates the FDCPA</u>

84.     Defendant NES regularly violates the FDCPA.

85.     In fact, both the West Virginia and Ohio attorney generals sued Defendant NES in 2009 alleging, *inter alia*, that NES violated the FDCPA.

**IV. CAUSES OF ACTION**

**A. Fair Debt Collection Practices Act**

86.     <u>Violation of the FDCPA § (codified at 15 U.S.C. § 1692c(b))</u>.  Defendant NES communicated, in connection with the collection of the debt, to a person other than

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

the consumer, his attorney, a consumer reporting agency, the creditor, the attorney for the creditor, or the attorney of the debt collector, in violation of 15 U.S.C. § 1692$c$(b).  For example, Defendant NES communicated this information to Dantom, who in turn communicated it to one or more unknown parties by way of the Data Matrix barcode. None of the exceptions in 15 U.S.C. § 1692$c$(b) apply to these communications.

87.    Violation of the FDCPA § (codified at 15 U.S.C. § 1692$e$) Defendant's NES's actions, while acting as a debt collector, included the use of false, deceptive, or misleading representations or means in connection with the collection of a debt.

88.    For example, Defendant's letter is misleading as to the name of the creditor, "Bank of America."  "Bank of America" is not the name of a distinct legal entity and is instead a trademarked name used by a number of entities in the Bank of America family of companies and affiliates, including, for example, both Bank of America, N.A. (USA) and Fia Card Services, N.A.

89.    As a second example, Defendant NES stated a false or misleading representation of the amount of Plaintiff's alleged debt after Defendant NES violated one or more sections of RCW 19.16.250 and correspondingly lost the ability to collect from Plaintiff any attorneys fees, service fees, late charges, or interest pursuant to RCW 19.16.450.

90.    As a third example, Defendant NES used a business, company or organization name other than the true name of the debt collector's business, company, or organization in violation of 15 U.S.C. § 1692$e$(14) when it used "NES" instead of "National Enterprise Systems, Inc."

91.    As a final example, Defendant NES gave an implied threat, in violation of 15 U.S.C. § 1692$e$(5), to sue on the alleged debt when that action could either not be legally taken at that time or was not intended to be taken at that time.

COMPLAINT FOR FDCPA, WCAA, and WCPA VIOLATIONS
Page 11 of 16

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

92. <u>Violation of the FDCPA § (codified at 15 U.S.C. § 1692*f*)</u> Defendant NES used unfair or unconscionable means to collect or attempt to collect on Plaintiff's alleged debt.

93. For example, the envelope used to mail the purported 15 U.S.C. § 1692*g*(a) notice contained a symbol in violation of 15 U.S.C. § 1692*f*(8). Although this barcode was not actually printed on the envelope itself, the information was visible through a transparent window in the envelope and is functionally the same as printing it on the envelope.

94. Since the amount of the debt was encoded unencrypted into the barcode that was visible through the transparent window, the letter was analogous to communicating with Plaintiff regarding a debt by postcard, which is expressly prohibited in 15 U.S.C. § 1692*f*(7). In both cases, information about the debt was readable by anyone who had access the piece of mail.

95. As a final example, Defendant NES attempted to collect amounts, including interest, fees, charges or expenses incidental to the principal obligation not permitted by law in violation of 15 U.S.C. § 1692*f*(1). These amounts were not permitted to be collected pursuant to RCW 19.16.450 because of one or more violations of RCW 19.16.250 by licensee NES.

96. Defendant NES regularly violates these FDCPA sections. For example, since it is believed that Defendant NES regularly violates one or more sections of RCW 19.16.250, especially with regard to debts allegedly owed to "Bank of America," NES also regularly violates 15 U.S.C. § 1692*f*(1). As a second example, since the offending barcode is used at least on all 001BOA letters, Defendant NES regularly violates 15 U.S.C. § 1692*f*(8).

97. <u>Violation of the FDCPA § (codified at 15 U.S.C. § 1692g(a)).</u> Defendant NES, in the Dantom Letter, failed to specify the name of the creditor to whom the debt is

COMPLAINT FOR FDCPA, WCAA, and WCPA VIOLATIONS
Page 12 of 16

Kasoff Law.
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

owed as required by 15 U.S.C.§ 1692g(a)(2). "Bank of America" or "Bank of America – Pre-Legal" are not the legal name of the creditor.

## B. Washington Collections Agency Act

98.      Defendant NES committed one or more acts or practices in violation of RCW 19.16.250 while being a licensee under the WCAA.

99.      For example, Defendant NES used the name "NES" while engaged in the making of a demand for a claim which is different than "National Enterprise Systems, Inc.," the name set forth on its current license issued under chapter 19.16 RCW in violation of RCW 19.16.250(7).

100.    As a second example, Defendant NES failed to include the required itemization of the claim in its first notice to debtor in violation of RCW 19.16.250(8)(c).

101.    Even if the interest, service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor before it was received by NES were originally unknown to NES, NES failed to make reasonable efforts to obtain that information and provide this to debtor after receiving a written request to do so as required by RCW 19.17.250(8)(c)(ii).

102.    As yet another example, Defendant NES failed to provide the name of the original creditor to whom debtor allegedly owed the claim in violation of RCW 19.16.250(8)(b). "Bank of America" is not the legal name of the original creditor and can refer to multiple legal entities.

103.    Even if the name of the original creditor was originally unknown to Defendant NES, NES has also failed to make reasonable efforts to obtain the name of such person and provide this name to the debtor after receiving a written request from the debtor as required by RCW 19.16.250(8)(b).

104.    In addition, Defendant NES communicated the existence of a claim to a person other than one who might reasonably be expected to be liable on the claim in

COMPLAINT FOR FDCPA, WCAA, and WCPA VIOLATIONS
Page 13 of 16

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

violation of RCW 19.16.250(9).  None of the exceptions to RCW 19.16.250(9) apply to the communication from: Defendant NES to Dantom; and Dantom to unknown other people due to the Data Matrix barcode visible through the transparent window.

105.    As a final example, Defendant NES threatened to take an action against debtor which NES could not legally take at the time in violation of RCW 19.16.250(15).

## C. Washington Consumer Protection Act

106.    Pursuant to RCW 19.16.440, the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 is declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purposes of the application of the WCPA found in chapter 19.86 RCW.

107.    Plaintiff has suffered an injury to his property or business, which was proximately caused by Defendant's violations of RCW 19.16.250.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.    For judgment for Plaintiff's actual damages sustained by Plaintiff as a result of the FDCPA violations including but not limited to: damages for emotional distress; some or all of the attorney fees and costs responding to the communications from the Defendant; and some or all of the collection fees and costs, if any, incurred by "Bank of America" that Plaintiff may be responsible for under the alleged credit card agreement and not barred by operation of RCW 19.16.450;

B.    For judgment of additional statutory damages permitted under 15 U.S.C. § 1692$k$(a)(2) as the court may allow, but not exceeding $1,000;

C.    For a declaration that NES violated one or more sections of RCW 19.16.250 and, therefore, RCW 19.16.450 applies to the alleged claim;

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

D.     For injunctive relief under the WCPA enjoining NES from committing additional violations of RCW 19.16.250 including but not necessarily limited to:

a.     enjoining NES from continuing to have Dantom (or another mailing and printing service) from sending letters with a barcode, that encodes the alleged amount due without encryption of that data, that is either readable through the transparent window of or printed on the corresponding envelope, and if necessary, in that process, enjoining NES from subscribing to Dantom's Intelligent Mail Return program with regards to debtors located in the State of Washington;

b.     ordering NES to provide the required itemization under RCW 19.16.250(8)(c) on all first letters to debtors residing in the State of Washington;

c.     ordering NES, when known, to provide the legal name of the original creditor to whom debtor allegedly owes the debt as required by RCW 19.16.250(8)(b); and

d.     enjoining  NES from using its abbreviation or any other name other than the name on its collections agency license when making a demand to debtors residing in the State of Washington;

E.     For judgment for the reasonable attorneys' fees and costs incurred by Plaintiff in this lawsuit pursuant to 15 U.S.C. § 1692$k$(a)(3) and/or RCW 19.86.090;

F.     For an order requiring Defendant NES to specify both the legal name of the original creditor and the itemization required under RCW 19.16.250(8)(b) and 19.16.250(8)(c) respectively; and

G.     For such other relief as the court may deem just or equitable.

DATED this 7th day of April, 2010.

COMPLAINT FOR FDCPA, WCAA, and WCPA VIOLATIONS
Page 15 of 16

Kasoff Law
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

KASOFF LAW PLLC

By: _____
Larry M. Kasoff, WSBA #30543
Attorney for Plaintiff Larry M. Kasoff
909 5th Ave #903
Seattle, WA 98164
(206) 388-3943
larry.kasoff@gmail.com

COMPLAINT FOR FDCPA, WCAA, and WCPA VIOLATIONS
Page 16 of 16

Kasoff Law₂
909 5th Ave Unit 903
Seattle, Washington  98164
(206) 388-3943

# EXHIBIT A



**STATE OF WASHINGTON**

# DEPARTMENT OF LICENSING

*PO Box 9020 • Olympia, Washington 98507-9020*

## AFFIDAVIT

STATE OF WASHINGTON)
                      )S.S
COUNTY OF THURSTON)

I, Harumi Tucker Tolbert, depose and say that I am the Regulatory Program Manager of the
Collection Agency Section, Business and Professions Division, for the state of Washington,
Department of Licensing, and being the lawful custodian of records do hereby certify that
**National Enterprise Systems, Inc.** located at 512 Bell Street in Edmonds, WA 98020-3147
(license number 601-988-829-001-0001) is regulated by the Law Relating to Collection Agencies
RCW 19.16, RCW 18.235, and WAC 308-29, and is licensed as follows:

| TYPE OF LICENSE | DATE FROM | DATE TO | STATUS |
|---|---|---|---|
| Collection Agency | 06-05-00 | 09-30-10 | Active |

**Note:** *N/A*

Signature                              (360) 664-1389
                                                Telephone Number

SUBSCRIBED to before me this 23 day of March 2010.

NOTARY PUBLIC in and for the state of Washington

Printed name of Notary Public     Mary Astrid

County of     Thurston

Appointment Expires     7/29/2010



**STATE OF WASHINGTON**

# DEPARTMENT OF LICENSING

*PO Box 9020 • Olympia, Washington 98507-9020*

## AFFIDAVIT

STATE OF WASHINGTON)
　　　　　　　　　　　)S.S
COUNTY OF THURSTON)


I, Harumi Tucker Tolbert, depose and say that I am the Regulatory Program Manager of the Collection Agency Section, Business and Professions Division, for the state of Washington, Department of Licensing, and being the lawful custodian of records do hereby certify that **National Enterprise Systems, Inc.** located at 29125 Solon Road in Solon, OH 44139 (license number 601-988-829-001-0002) is regulated by the Law Relating to Collection Agencies RCW 19.16, RCW 18.235, and WAC 308-29, and is licensed as follows:

| TYPE OF LICENSE | DATE FROM | DATE TO | STATUS |
|---|---|---|---|
| Collection Agency Branch | 06-12-00 | 09-30-10 | Active |

*Note: N/A*

Signature _____

Telephone Number (360) 664-1389

SUBSCRIBED to before me this 23 day of March 2010.

NOTARY PUBLIC in and for the state of Washington

Printed name of Notary Public _____

County of _____Thurston_____

Appointment Expires ____7/29/2010____

The Department of Licensing has a policy of providing equal access to its services.
If you need special accommodation, please call (360) 664-1389 or, for the hearing impaired, TTY (360) 664-8885.



STATE OF WASHINGTON

# DEPARTMENT OF LICENSING

*PO Box 9020 • Olympia, Washington 98507-9020*

## AFFIDAVIT

STATE OF WASHINGTON)
                      )S.S
COUNTY OF THURSTON)

I, Harumi Tucker Tolbert, depose and say that I am the Regulatory Program Manager of the Collection Agency Section, Business and Professions Division, for the state of Washington, Department of Licensing, and being the lawful custodian of records do hereby certify that **National Enterprise Systems, Inc.** located at 6230 Cochran Road in Solon, OH 44139 (license number 601-988-829-001-0003) is regulated by the Law Relating to Collection Agencies RCW 19.16, RCW 18.235, and WAC 308-29, and is licensed as follows:

| **TYPE OF LICENSE** | **DATE FROM** | **DATE TO** | **STATUS** |
|---|---|---|---|
| Collection Agency Branch | 05-05-05 | 09-30-10 | Active |

*Note:  N/A*

_____
Signature

(360) 664-1389
Telephone Number

SUBSCRIBED to before me this  23  day of March 2010.

_____
NOTARY PUBLIC in and for the state of Washington

_____
Printed name of Notary Public

County of _____Thurston_____

Appointment Expires ___7/29/2010___

The Department of Licensing has a policy of providing equal access to its services.
If you need special accommodation, please call (360) 664-1389 or, for the hearing impaired, TTY (360) 664-8885.

# EXHIBIT B

NATIONAL ENTERPRISE SYSTEMS

29125 Solon Road ♦ Solon, OH 44139-3442

March 4, 2010

RE: Bank of America-Pre Legal
Client ID: ████████5756
For: ████████9659
Date of Referral:   03/03/2010
Date of Service: 03/16/2000
Please contact: ████████

8529576 BOA007
Larry M Kasoff
909 5th Ave Unit 903
Seattle WA 98164-2021

**Total Amount Due: $29545.23**

This account has been listed with our office for collection. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

| **Client** | **Account #** | **Amount** |
|---|---|---|
| Bank of America-Pre Legal | 8529576 | $29545.23 |
| | **Total Amount Due:** | $29545.23 |

### NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

IONNESI02001BOA

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT ***



ONNESI02
PO Box 1022
Wixom MI 48393-1022

Daytime Phone:   (_____) _____-_____

Evening Phone:   (_____) _____-_____

☐ Enclosed is Payment in Full

127

Please forward all payments and correspondence to:
**NATIONAL ENTERPRISE SYSTEMS**
29125 Solon Road
Solon  OH  44139-3442

001BOA      301437138

*PERSONAL & CONFIDENTIAL*
Larry M Kasoff
909 5th Ave Unit 903
Seattle WA 98164-2021

March 4, 2010                    8529576               **BOAP**
Client ID:          ████████5756
Amount Due    $29545.23    Amt Paid:  $_____

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Maine Residents:**
Office Hours: M-Th 8:00 AM – 9:00 PM EST, Fri 8:00 AM – 5:00 PM EST, Sat 8:00 AM – 12:00 noon EST.

**Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 9:00 PM EST, Fri 8:00 AM – 5:00 PM EST, Sat 8:00 AM – 12:00 noon EST.
Massachusetts Address: 15 Union Street, Lawrence, MA 01840.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025

WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING WARNING ABOUT PAYMENTS ON THIS DEBT. The statute of limitations bars a creditor from taking legal action, including using arbitration, to make you pay this debt. BE AWARE that if you voluntarily pay anything toward this debt, such payment can restart the creditor's right to take legal action to make you pay the entire debt.

**North Carolina Residents:**
North Carolina Permit Number: 101691

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

# EXHIBIT C

ONNESI02
PO Box 1022
Wixom MI 48393-1022

00IIBOA      30143713B
*PERSONAL & CONFIDENTIAL*
Larry M Kasoff
909 5th Ave Unit 903
Seattle WA 98164-2021

03-06-10



PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
PERMIT NO.605