Jeffrey I. Hasson
Attorney at Law
Davenport & Hasson, LLP
12707 NE. Halsey Street
Portland, OR  97230
Phone: (503) 255-5352
Facsimile No.: (503) 255-6124
E-Mail: hasson@dhlaw.biz
Washington State Bar No. 23741
Attorney for National Enterprise Systems, Inc.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| LARRY M. KASOFF, | Case No.: 2:10-CV-744-RSM |
| Plaintiff, | ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC. |
| vs. | |
| NATIONAL ENTERPRISE SYSTEMS, INC., | |
| Defendant. | |

Defendant National Enterprise Systems, Inc. ("Defendant"), by counsel, states as follows for its Answer to the Complaint filed against it by Plaintiff Larry M. Kasoff ("Plaintiff"):

**FIRST DEFENSE**

1. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies said allegations.

2. Admitted that Defendant is an Ohio corporation licensed as a collection agency in the State of Washington. Defendant further admits that under certain circumstances it may be a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 2

ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.- 1
Case No. 2:10-CV-744-RSM

m:\6205\0010\p-answer.doc

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

of the Complaint, and therefore denies said allegations.

3. There was no paragraph 3 of the Complaint.

4. Admitted that Plaintiff claims a cause of action based upon the Fair Debt Collection Practices Act ("FDCPA"). All other allegations in paragraph 4 of the Complaint are denied.

5. Admitted that Plaintiff claims a cause of action based upon the Washington Collection Agency Act ("WCAA") and the Washington Consumer Protection Act ("WCPA"). All other allegations in paragraph 5 of the Complaint are denied.

6. Admitted that this Court has jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1692k(d). Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint, and therefore denies said allegations.

7. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies said allegations.

8. Admitted that Plaintiff has a delinquent account with Bank of America. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and therefore denies said allegations.

9. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies said allegations.

10. Admitted that Defendant has not filed a lawsuit against Plaintiff. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint, and therefore denies said allegations.

11. Admitted that on March 3, 2010, Bank of America placed a delinquent account with Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and therefore denies said allegations.

ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.- 2
Case No. 2:10-CV-744-RSM

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6205\0010\p-answer.doc

12. Admitted that Bank of America placed a delinquent account with Defendant in the amount of $29,545.23. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and therefore denies said allegations.

13. Admitted that under certain circumstances, Defendant may be a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint, and therefore denies said allegations.

14. Admitted.

15. Admitted.

16. Admitted.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies said allegations.

18. Admitted.

19. Admitted to the extent the affidavits attached as Exhibit A to the Complaint speak for themselves. All other allegations in paragraph 19 of the Complaint are denied.

20. Admitted.

21. Admitted.

22. Admitted that Defendant sent Plaintiff a letter on March 4, 2010. Defendant further admits that the letter and envelope attached as Exhibits B and C to the Complaint speak for themselves. All other allegations in paragraph 22 of the Complaint are denied.

23. Admitted.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies said allegations.

25. Admitted that the letter sent to Plaintiff on March 4, 2010 is associated with Defendant's letter code 001BOA. Defendant is without sufficient knowledge to form a belief as

ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.- 3
Case No. 2:10-CV-744-RSM

m:\6205\0010\p-answer.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  to the truth of the remaining allegations contained in paragraph 26 of the Complaint, and
2  therefore denies said allegations.

3      26.    Defendant is without sufficient knowledge to form a belief as to the truth of the
4  allegations contained in paragraph 26 of the Complaint, and therefore denies said allegations.

5      27.    Admitted.

6      28.    Defendant is without sufficient knowledge to form a belief as to the truth of the
7  allegations contained in paragraph 28 of the Complaint, and therefore denies said allegations.

8      29.    Admitted.

9      30.    Defendant is without sufficient knowledge to form a belief as to the truth of the
10 allegations contained in paragraph 30 of the Complaint, and therefore denies said allegations.

11     31.    Defendant is without sufficient knowledge to form a belief as to the truth of the
12 allegations contained in paragraph 31 of the Complaint, and therefore denies said allegations.

13     32.    Defendant is without sufficient knowledge to form a belief as to the truth of the
14 allegations contained in paragraph 32 of the Complaint, and therefore denies said allegations.

15     33.    Defendant is without sufficient knowledge to form a belief as to the truth of the
16 allegations contained in paragraph 33 of the Complaint, and therefore denies said allegations.

17     34.    Defendant is without sufficient knowledge to form a belief as to the truth of the
18 allegations contained in paragraph 34 of the Complaint, and therefore denies said allegations.

19     35.    Denied.

20     36.    Defendant is without sufficient knowledge to form a belief as to the truth of the
21 allegations contained in paragraph 36 of the Complaint, and therefore denies said allegations.

22     37.    Denied.

23     38.    Admitted that Dantom regularly mails letters on behalf of Defendant. Defendant
24 is without sufficient knowledge to form a belief as to the truth of the allegations contained in
25 paragraph 38 of the Complaint, and therefore denies said allegations.

26     39.    Defendant is without sufficient knowledge to form a belief as to the truth of the

ANSWER OF DEFENDANT NATIONAL
ENTERPRISE SYSTEMS, INC.- 4
Case No. 2:10-CV-744-RSM

m:\6205\0010\p-answer.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

allegations contained in paragraph 39 of the Complaint, and therefore denies said allegations.

40. Admitted that the letter mailed March 4, 2010 stated a dollar amount of $29,545.23. Defendant denies that it failed to comply with R.C.W. 19.16.250(8)(c). Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint, and therefore denies said allegations.

41. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and therefore denies said allegations.

42. Admitted to the extent that the letter attached as Exhibit B to the Complaint speaks for itself. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint, and therefore denies said allegations.

43. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and therefore denies said allegations.

44. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and therefore denies said allegations.

45. Admitted to the extent that the letter attached as Exhibit B to the Complaint speaks for itself. All other allegations contained in paragraph 45 of the Complaint are denied.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted that on March 4, 2010, Defendant placed telephone calls to Plaintiff at 8:22 a.m. and 1:41 p.m. Pacific Time.

50. Admitted.

51. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and therefore denies said allegations.

52. Admitted that Defendant's employee stated her name was "Gina" and that she

ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.- 5
Case No. 2:10-CV-744-RSM

m:\6205\0010\p-answer.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1   worked for "NES" and not "National Enterprise Systems, Inc." as stated on Defendant's

2   Washington State collections agency license. All other allegations contained in paragraph 52 of

3   the Complaint are denied.

4        53.    Denied.

5        54.    Admitted that Defendant's employee stated this was an attempt to collect a debt

6   and any information will be used for that purpose. Denied that the employee's name was "Jean."

7        55.    Admitted that Defendant's employee stated that the amount due was $29,545.25.

8   All other allegations contained in paragraph 55 of the Complaint are denied.

9        56.    Admitted that Bank of America declared the account "pre-legal." Defendant

10  denies the remaining allegations contained in paragraph 56 of the Complaint.

11       57.    Admitted.

12       58.    Admitted.

13       59.    Admitted.

14       60.    Admitted that RCW 19.16.450 speaks for itself. All other allegations contained in

15  paragraph 60 of the Complaint are denied.

16       61.    Denied.

17       62.    Denied that Defendant violated RCW 19.16.250. Defendant is without sufficient

18  knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 62

19  of the Complaint, and therefore denies said allegations.

20       63.    Defendant is without sufficient knowledge to form a belief as to the truth of the

21  allegations contained in paragraph 63 of the Complaint, and therefore denies said allegations.

22       64.    Admitted that Defendant received a letter on March 9, 2010. Defendant is

23  without sufficient knowledge to form a belief as to the truth of the remaining allegations

24  contained in paragraph 64 of the Complaint, and therefore denies said allegations.

25       65.    Admitted.

26       66.    Admitted.

ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.- 6
Case No. 2:10-CV-744-RSM

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6205\0010\p-answer.doc

67. Admitted.

68. Admitted to the extent the letter Defendant received on March 9, 2010 speaks for itself. All other allegations contained in paragraph 68 of the Complaint are denied.

69. Admitted.

70. Admitted.

71. Admitted to the extent the letter Defendant received on March 9, 2010 speaks for itself. All other allegations contained in paragraph 71 of the Complaint are denied.

72. Admitted to the extent the letter Defendant received on March 9, 2010 speaks for itself. Defendant further admits that it did not respond to the letter. All other allegations contained in paragraph 72 of the Complaint are denied.

73. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and therefore denies said allegations.

74. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and therefore denies said allegations.

75. Admitted that Defendant received a letter on March 15, 2010. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 75 of the Complaint, and therefore denies said allegations.

76. Admitted to the extent the letter Defendant received on March 15, 2010 speaks for itself. All other allegations contained in paragraph 76 of the Complaint are denied.

77. Admitted to the extent the letter Defendant received on March 15, 2010 speaks for itself. All other allegations contained in paragraph 77 of the Complaint are denied.

78. Admitted to the extent the letter Defendant received on March 15, 2010 speaks for itself. All other allegations contained in paragraph 78 of the Complaint are denied.

79. Admitted.

80. Admitted.

81. Admitted.

ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.- 7
Case No. 2:10-CV-744-RSM

m:\6205\0010\p-answer.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1   82. Denied.
2   83. Denied.
3   84. Denied.
4   85. Admitted that the Ohio and West Virginia Attorneys General filed lawsuits
5   against Defendant alleging violations of the FDCPA. All other allegations contained in
6   paragraph 85 of the Complaint are denied.
7   86. Denied.
8   87. Denied.
9   88. Denied.
10  89. Denied.
11  90. Denied.
12  91. Denied.
13  92. Denied.
14  93. Denied.
15  94. Denied.
16  95. Denied.
17  96. Denied.
18  97. Denied.
19  98. Denied.
20  99. Denied.
21  100. Denied.
22  101. Denied.
23  102. Denied.
24  103. Denied.
25  104. Denied.
26  105. Denied.

ANSWER OF DEFENDANT NATIONAL
ENTERPRISE SYSTEMS, INC.- 8
Case No. 2:10-CV-744-RSM

m:\6205\0010\p-answer.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

106.   Denied.

107.   Denied.

108.   All other allegations contained in the Complaint which are not otherwise specifically admitted or denied herein are denied.

### ADDITIONAL DEFENSES

1.   Plaintiff failed to state a claim upon which relief can be granted.

2.   Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3.   Plaintiff failed to mitigate any damages which he may have suffered, if any.

4.   At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

5.   At all times Defendant acted in good faith.

6.   All amounts attempted to be collected by Defendant are reasonable and lawful pursuant to the common law and/or statutory law of Washington.

WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' Complaint at Plaintiffs' cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated May 11, 2010.

DAVENPORT & HASSON, LLP

s/ Jeffrey I. Hasson
WSBA No. 23741
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Telephone:  (503) 255-5352
Fax:  (503) 255-6124
E-Mail:  hasson@dhlaw.biz

*Attorney for National Enterprise Systems, Inc.*

ANSWER OF DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.- 9
Case No. 2:10-CV-744-RSM

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6205\0010\p-answer.doc

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 11, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Larry M. Kasoff, 909 5th Avenue, Unit 903, Seattle, WA 98164

     Dated May 11, 2010.

DAVENPORT & HASSON, LLP

s/ Jeffrey I. Hasson
WSBA No. 23741
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Telephone:  (503) 255-5352
Fax:  (503) 255-6124
E-Mail:  hasson@dhlaw.biz

*Attorney for National Enterprise Systems, Inc.*

CERTIFICATE OF SERVICE - 1
Case No. 2:10-CV-744-RSM

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6205\0010\p-answer.doc