UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| LARRY M. KASOFF,<br><br>               Plaintiff,<br><br>vs.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC,<br><br>               Defendant. | Case No.: 2:10-CV-744-RSM<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

As ordered in the Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. #4) dated May 26, 2010, the parties to the above-referenced action now submit this Joint Status Report and Discovery Plan:

1. <u>Nature and Complexity of the Case.</u>

This is a civil action in which Plaintiff Larry M. Kasoff ("Kasoff") alleges Defendant National Enterprise Systems, Inc. ("National') committed various violations of the Fair Debt Collection Practices Act, the Washington Collection Agency Act, and the

JOINT STATUS REPORT AND
DISCOVERY PLAN -1
Case No.: 2:10-CV-744-RSM

Larry Kasoff, *pro se*
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

Washington Consumer Protection Act while attempting to collect an alleged debt owed by Plaintiff to National based on an assigned account from "Bank of America."

National is a collection agency licensee in Washington State and is alleged to be a "debt collector" within the meaning of the Fair Debt Collection Practices Act.

Plaintiff seeks a monetary judgment, a declaration that RCW 19.16.450 applies to the alleged debt claim, and injunctive relief prohibiting National from further violating the practices prohibited by RCW 19.16.250 alleged herein, and prohibiting National, its customer, and any other person from thereafter collecting interest, service charges, collection costs, attorneys' fees, delinquency charges, or any other incidental fees or charges in the collection of the alleged debt claim.

National maintains it has not violated any of the cited acts and if it did, those violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

The case is not overly complicated. However, the two sides have very different interpretations of the various relevant sections of Washington Collection Agency Act and there are few reported cases interpreting these sections. Accordingly, the case will involve resolution of various novel legal issues under the Washington Collection Agency Act.

2. <u>ADR.</u>

The parties have tried unsuccessfully to settle this case. National believes ADR may be useful in the future after some discovery.

Plaintiff feels ADR is inappropriate in light of the specific declaratory and injunctive relief requested in this case. For example, since the action seeks injunctive relief under the Washington Consumer Protection Act preventing National from continuing

JOINT STATUS REPORT AND
DISCOVERY PLAN -2
Case No.: 2:10-CV-744-RSM

Larry Kasoff, *pro se*
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

various practices allegedly prohibited pursuant to RCW 19.16.250, the Plaintiff contends he is effectively acting as a private attorney general and Plaintiff contends ADR is not likely to produce a fair remedy for the Washington State public as oppose to the Plaintiff personally. Plaintiff contends Defendant National cannot offer comparable relief to the requested declaration that RCW 19.16.450 applies to the alleged claim since the alleged debt is neither owned by National nor is National currently collecting on such alleged debt. Plaintiff contends that the future value of such declaration cannot be determined with reasonable certainty.

3. <u>ADR Scheduling.</u>

See No. 2 above.

4. <u>Proposed Deadline for Joining Additional Parties.</u>

The parties proposed deadline for joining parties was July 1, 2010, which has passed without either party joining additional parties.

5. <u>Proposed Discovery Plan.</u>

A. *Dates of the FRCP 26(f) Conference and FRCP 26(a) Initial Disclosures*

The FRCP 26(f) conference took place via teleconference on May 26, 2010. Defendant National served its FRCP 26(a) initial disclosures on Plaintiff on June 25, 2010 and Plaintiff Kasoff served its FRCP 26(a) initial disclosures on Defendant National on June 29, 2010.

B. *Subjects on which Discovery may need to be Taken and Discovery Phases*

The parties believe discovery will be conducted regarding any nonprivileged matter not otherwise prohibited from being discovered under the Federal Rules of Civil

JOINT STATUS REPORT AND
DISCOVERY PLAN -3
Case No.: 2:10-CV-744-RSM

Larry Kasoff, *pro se*
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

Procedure, the Local Civil Rules, or other applicable law, that is relevant to any party's claim, damages or defense. The parties agree that discovery that will not be phased.

C. *Changes to Discovery Limitations*

The parties do not believe that there needs to be any changes in the limitations on discovery imposed under the Federal and Local Civil Rules. National contends a protective order needs to be entered before proprietary information and third party information is exchanged. The parties do not desire any other limitations be imposed at this time, but the parties reserve the right to seek additional limitations in the future should it become necessary.

D. *Discovery Management*

The parties do not have specific methods to manage discovery so as to minimize expense. Plaintiff has agreed, however, to travel to Defendant's attorney's office in Portland, Oregon at his own non-recoverable expense for his deposition. Other issues regarding minimizing expense in discovery will be worked out between Plaintiff and Defendant's counsel as the need arises.

E. *Other Orders that should be Entered by the Court under FRCP 26(c) or under Local Rules CR 16(b) and (c).*

The parties are currently working on a proposed protective order to protect various non-public data, personal financial information, and/or proprietary information from being publicly disclosed or disseminated more than reasonably necessary while still permitting discovery as reasonably necessary to pursue each party's claims and/or defenses. Such proposed protective order is still being negotiated on the due date of this report.

JOINT STATUS REPORT AND
DISCOVERY PLAN -4
Case No.: 2:10-CV-744-RSM

Larry Kasoff, *pro se*
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

6. <u>Date by which Discovery Can Be Completed.</u>

The parties expect that discovery can be completed by October 28, 2010, 120 days from the June 30, 2010 deadline to exchange initial disclosures.

7. <u>Magistrate Assignment.</u>

The parties do not agree to assignment of the case to a United States Magistrate.

8. <u>Bifurcation.</u>

The parties agree that no bifurcation is necessary.

9. <u>Pretrial Statements and Order.</u>

The parties believe that the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should not be dispensed with in whole or in part for the sake of economy.

10. <u>Suggestions for Simplify the Case.</u>

The parties have no other suggestions for shortening or simplifying the case.

11. <u>Date Case Ready for Trial.</u>

The case will be ready for trial in late February 2011, approximately 120 days after discovery has been completed. This provides enough time for either party or both to make and the Court to decide dispositive motions.

12. <u>Jury/Non-Jury Trial.</u>

The trial will be non-jury as no jury demand was made.

13. <u>Trial Days Required.</u>

The parties estimate a trial could take one (1) to two (2) days.

14. <u>Names, Addresses and Telephone Numbers of Trial Counsel.</u>

For Plaintiff Larry M. Kasoff (proceeding *pro se*):

JOINT STATUS REPORT AND
DISCOVERY PLAN -5
Case No.: 2:10-CV-744-RSM

Larry Kasoff, *pro se*
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

Larry M. Kasoff
909 5th Ave. #903
Seattle, WA 98164
Telephone: (206) 388-3943
Email: larry.kasoff@gmail.com

For Defendant National Enterprise Systems, Inc.:

Jeffrey I. Hasson
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Telephone: (503) 255-5352
Fax: (503) 255-6124
E-mail: hasson@dhlaw.biz

15. <u>Service of the Defendant.</u>

The sole defendant, National Enterprise Systems, Inc., was served on April 9, 2010, which is prior to the due date of this report.

16. <u>Scheduling Conference Request.</u>

Neither party requests a scheduling conference prior to a scheduling order being entered in the case.

Respectfully submitted, July 7, 2010.

DAVENPORT & HASSON, LLP

By: *Larry M. Kasoff*
Larry M. Kasoff, Plaintiff
909 5th Ave. #903
Seattle, WA 98164
Telephone: (206) 388-3943
E-mail: larry.kasoff@gmail.com

By: *Jeffrey Hasson* 7-6-10
JEFFREY I. HASSON, WSBA # 23741
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Telephone: (503) 255-5352
Fax: (503) 255-6124
E-mail: hasson@dhlaw.biz

*Attorney for National Enterprise Systems, Inc.*

JOINT STATUS REPORT AND
DISCOVERY PLAN -6
Case No.: 2:10-CV-744-RSM

Larry Kasoff, *pro se*
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send electronic notification of such filing to the following:

Jeffrey I. Hasson
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Telephone: (503) 255-5352
Fax: (503) 255-6124
E-mail: hasson@dhlaw.biz
*Attorney for National Enterprise Systems, Inc.*

Dated July 7, 2010 at Seattle, WA.

By: *Larry M. Kasoff*
Larry M. Kasoff, Plaintiff
909 5th Ave. #903
Seattle, WA 98164
Telephone: (206) 388-3943
E-mail: larry.kasoff@gmail.com

CERTIFICATE OF SERVICE -1
Case No.: 2:10-CV-744-RSM

Larry Kasoff, *pro se*
909 5th Ave Unit 903
Seattle, Washington 98164
(206) 388-3943